Mario Caesar ZAPATA, Petitioner—
Appellant,

v.

James HARTLEY, Respondent—
Appellee.

No. 07–55127.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2009.*

Filed March 10, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mario Caesar Zapata, Avenal, CA, pro se.

Susan Sullivan Pithey, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Mario Zapata, a California state prisoner, appeals the order of the district court dismissing his petition for writ of habeas

** This disposition is not appropriate for publication and is not precedent except as provid-

corpus as untimely. We have jurisdiction, 28 U.S.C. § 2253, and we affirm.

I

Zapata's petition is untimely even after applying the statutory tolling provision in 28 U.S.C. § 2244(d)(1)(D), which tolls the running of the one-year statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate for Zapata's claims—his co-defendant's parole—could have been discovered as early as May 1, 2003, the date of parole, through the exercise of due diligence. Zapata undertook no investigation at all between May 2003 and September 2004, despite long suspecting his claim of prosecutorial misconduct would come to pass in the form of his co-defendant's early release from prison and despite having procured the help of private investigators and others in the past to confirm his co-defendant's status. His failure to investigate does not meet the due diligence standard and thus his October 25, 2005 federal habeas petition was filed long after the statute of limitations had elapsed.

II

Although evidentiary hearings are generally favored in habeas proceedings, one need not be held when the state court record alone suffices to show no entitlement to relief. See Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir.1998); see also Schriro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007). The parties do not dispute any of the facts recounted in the Magistrate Judge's Report and Recommendation and do not assert that additional evidence would be

ed by 9th Cir. R. 36–3.

brought to light by an evidentiary hearing. The state court record suffices to show Zapata failed to exercise due diligence when, from May 2003 to September 2004, he undertook no investigation at all into his co-defendant's incarceration status. An evidentiary hearing would be but a "futile exercise." *Totten*, 137 F.3d at 1176.

**AFFIRMED.**